# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1509 SPM |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $18, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff is an inmate at the St. Louis Medium Security Institution ("MSI"). He sues the City of St. Louis, Corizon, Inc., the City of St. Louis Division of Corrections, OSHA, and Mayor Francis G. Slay.

Plaintiff alleges that MSI is overcrowded, the ventilation is inadequate, the building is condemned, there are vermin, there is black mold, the building does not comply with fire and safety regulations, and the building is not adequately maintained. He says that OSHA has not properly monitored the safety of the institution. He claims that other inmates have been affected by the conditions.[1]

**Discussion**

To state a claim against the City of St. Louis or Corizon, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

> A governmental policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. A governmental custom involves a pattern of persistent and widespread practices which become so permanent and well settled as to have the effect and force of law.

---

[1] Plaintiff also alleges that "sometimes, inmates['] mail isn't given to them as it should," because mail is sometimes sent to a different address than the address at which the inmates are housed. (Doc. No. 1 at 8.) However, Plaintiff does not allege that his own mail was diverted to another location; nor does he allege that any particular Defendant was responsible for such action.

2

*Brockington v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007) (internal quotation marks and citations omitted). A plaintiff's failure to include any allegations, reference, or language from which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom of the governmental entity renders the complaint deficient as to that entity. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004).

With respect to Corizon, a healthcare provider, Plaintiff has not included any allegations from which it could be inferred that the alleged poor conditions of MSI are connected in any way to Corizon. With respect to the City of St. Louis, Plaintiff has not pled sufficient facts to infer that the poor conditions resulted from the deliberate choices of City officials with policy-making authority or that the poor conditions were so continuing, widespread, and persistent as to have become a permanent custom of the City. As a result, Plaintiff's claims against Corizon and the City of St. Louis must be dismissed.

Plaintiff's claim against the City of St. Louis Division of Corrections is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The only method for suing a federal agency, such as the United States Department of Labor, which oversees OSHA, is to file a claim under the Federal Torts Claim Act. *See* 28 U.S.C. § 2679(b)(1). Therefore, plaintiff's claim against OSHA is legally frivolous.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). There are no allegations that Slay was directly responsible for an injury to plaintiff. He is sued under the theory of *respondeat superior.* As a result, plaintiff's allegations against Slay fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Dismissal will be filed separately.

Dated this 19th day of October, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE